IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEST MEDICAL INTERNATIONAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-1600 (MN) |
| | ) |
| ELEKTA AB, ELEKTA HOLDINGS U.S., INC., ELEKTA INC., ELEKTA LTD., AND IMPACT MEDICAL SYSTEMS, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Geoffrey G. Grivner, BUCHANAN INGERSOLL & ROONEY PC, Wilmington, DE, Philip L. Hirschhorn, Jennifer Liu, BUCHANAN INGERSOLL & ROONEY PC, New York, New York, Erin M. Dunston, Kimberly E. Coghill, Anand Mohan, BUCHANAN INGERSOLL & ROONEY PC, Alexandria, Virginia – Attorneys for Plaintiff

Steven J. Balick, Andrew C. Mayo, ASHBY & GEDDES, Wilmington, DE, Ronald S. Lemieux, Tamara D. Fraizer, Vid R. Bhakar, SQUIRE PATTON BOGGS (US) LLP, Palo Alto, CA, Theresa A. Rakocy, SQUIRE PATTON BOGGS (US) LLP, Cleveland, OH – Attorneys for Defendants

July 23, 2019
Wilmington, Delaware

![signature: Maryellen Noreika]

**NOREIKA, U.S. DISTRICT JUDGE:**

Before the Court is Defendant Elekta Inc.'s Motion to Dismiss or Transfer for Improper Venue, and Defendant IMPAC Medical Systems, Inc.'s ("IMPAC") Motion to Dismiss for Failure to State a Claim. (D.I. 11). Plaintiff Best Medical International, Inc. ("Plaintiff" or "Best") opposes Elekta Inc.'s and IMPAC's motions. (D.I. 26). For the reasons set forth below, the Court will grant IMPAC's motion and will grant-in-part and deny-in-part Elekta Inc.'s motion.

## I. BACKGROUND

Best initiated this action on October 16, 2018, accusing Elekta Inc. and IMPAC as well as Elekta AB, Elekta Holdings U.S., Inc., and Elekta Ltd. of patent infringement.[1] (D.I. 1; *see also* D.I. 9). Elekta Inc. is a Georgia corporation with a principal place of business in Atlanta, Georgia. (D.I. 9 ¶ 12). IMPAC was a Delaware corporation with a principal place of business in Sunnyvale, California. (*Id.* ¶ 16). On August 1, 2017, as a result of a merger agreement between Elekta Inc. and IMPAC, IMPAC was merged into Elekta Inc. (D.I. 13 ¶ 15). Following the merger, Elekta Inc. "succeeded to all of the rights, privileges, powers, property, debts, obligation and liabilities of IMPAC." (*Id.* ¶ 16 (internal quotation marks omitted)). Moreover, as a result of the merger, Elekta Inc. "acquired all of IMPAC's assets and took over IMPAC's businesses." (*Id.* ¶ 17).

## II. LEGAL STANDARDS

### A. Motion to Dismiss Under Rule 12(b)(6)

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all well-pleaded factual allegations in the complaint as true and

---

[1] On March 6, 2019, Defendants Elekta AB and Elekta Holdings U.S., Inc. were dismissed by agreed stipulation and order. (*See* D.I. 28; D.I. 29). Defendant Elekta Ltd. has filed a motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. (D.I. 17).

view them in the light most favorable to the plaintiff. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008). "[A] court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,' such as the claims and the patent specification." *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017) (quoting *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 931 (Fed. Cir. 2014)). Nor is the Court required to accept as true bald assertions, unsupported conclusions or unwarranted inferences. *See TriPlay, Inc. v. WhatsApp Inc.*, No. 13-1703 (LPS) (CJB), 2018 WL 1479027, at *3 (D. Del. Mar. 27, 2018). Dismissal under Rule 12(b)(6) is only appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 506 U.S. at 678.

B. <u>Motion to Dismiss Under Rule 12(b)(3)</u>

Venue in patent infringement cases is controlled exclusively by 28 U.S.C. § 1400(b). *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1516 (2017). "Section 1400(b), like its predecessor statutes, is intended to be restrictive of venue in patent cases compared with the broad general venue provision." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1014 (Fed. Cir. 2018). Thus, under § 1400(b), patent infringement actions "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a

regular and established place of business." 28 U.S.C. § 1400(b). Under the first prong of § 1400(b), a domestic corporation "resides" only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1521. Under the second prong of § 1400(b), for a corporation to a have regular and established place of business, three requirements must be met: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

A party may file a motion to dismiss for improper venue pursuant to Rule 12(b)(3). "[U]pon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue." *ZTE*, 890 F.3d at 1013. "Generally, 'it is not necessary for the plaintiff to include allegations in his complaint showing that venue is proper.'" *Novartis Pharm. Corp. v. Accord Healthcare Inc.*, No. 18-1043 (LPS), 2019 WL 2502535, at *2 (D. Del. June 17, 2019) (quoting *Great W. Mining & Mineral Co. v. ADR Options, Inc.*, 434 F. App'x 83, 86-87 (3d Cir. 2011)). In considering a motion to dismiss for improper venue, the Court "accept[s] as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' [evidence]," such as affidavits. *Bockman v. First Am. Mktg. Corp.*, 549 F. App'x 157, 158 n.1 (3d Cir. 2012). If the Court determines that venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Dismissal is considered to be a harsh remedy . . . and transfer of venue to another district in which the action could originally have been brought, is the preferred remedy." *Genuine Enabling Tech., LLC v. Nintendo Co.*, 369 F. Supp. 3d 590, 593 (D. Del. 2019) (quoting *Spiniello Cos. v. Moyneir*, No. 13-5145 (KM) (SCM), 2014 WL 7205349, at *5 (D.N.J. Dec. 17, 2014)) (internal quotation marks omitted).

## III. ANALYSIS

A. IMPAC's Motion to Dismiss for Failure to State a Claim

As an initial matter, "[a] corporation's capacity to sue or be sued is determined by the law of the state under which it was organized." *Doucot v. IDS Scheer, Inc.*, 734 F. Supp. 2d 172, 182 (D. Mass. 2010) (citing Fed. R. Civ. P. 17(b)(2)). The parties do not dispute, and the evidence in the record confirms, that IMPAC was organized in Delaware. (*See* D.I. 9 ¶ 16; D.I. 13, Ex. 1 ¶ 1). Thus, Delaware law applies in determining whether IMPAC has the capacity to be sued. *See* Fed. R. Civ. P. 17(b)(2).

The crux of the parties' dispute is which provision of the Delaware General Corporation Law (Title 8, Chapter 1 of the Delaware Code) applies in determining whether IMPAC is a proper party to this action. (*Compare* D.I. 12 at 9 *with* D.I. 26 at 6). Relying on 8 Del. C. § 259(a)[2], IMPAC moves to dismiss all claims against it, asserting that it is "not properly named as a defendant and should be dismissed" because it was "merged into Elekta, Inc. on August 1, 2017, and Elekta Inc. acquired all of its 'rights, privileges, powers, property, debts, obligation [sic] and liabilities.'" (D.I. 12 at 9 (citing D.I. 13 ¶¶ 15-18)). Thus, IMPAC contends it "ceased to exist as of this date."[3] (*Id.*). In response, Best contends that IMPAC has the capacity to be sued under

---

[2] Section 259(a), in pertinent part, provides:

> When any merger or consolidation shall have become effective under this chapter, for all purposes of the laws of this State the separate existence of . . . all such constituent corporations except the one into which the other or others of such constituent corporations have been merged . . . shall cease and the constituent corporations shall . . . be merged into 1 of such corporations . . . and all debts, liabilities and duties of the respective constituent corporations shall thenceforth attach to said surviving or resulting corporation, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it.

[3] For support, IMPAC submits the affidavit of Michael J. Hartman, Senior Vice-President for Legal Affairs for Elekta Inc., to which a copy of the "Certificate of Merger Merging

4

8 Del. C. § 278[4], which permits "reviv[al] of the ghost of a dissolved corporation," such that they may "defend[] suits brought by others." (D.I. 26 at 6 (citing *In re Citadel*, 423 A.3d 500, 502 (Del. Ch. 1980))). IMPAC asserts that 8 Del. C. § 278 is inapplicable. (D.I. 33 at 3).

The Court agrees with IMPAC that 8 Del. C. § 278 is inapplicable here. The Delaware Supreme Court has explained that "[i]n order to formalize the continued existence of corporate assets and to provide a mechanism for the assertion of claims as part of the 'winding up' process, the Delaware General Corporation Law continues the corporation's existence by operation of law," providing "an automatic extension of corporate existence for three years" under 8 Del. C. § 278. *City Investing Co. Liquidating Trust v. Cont'l Cas. Co.*, 624 A.2d 1191, 1194-95 (Del. 1993). Section 278 "insure[s] that whether a corporation is dissolved voluntarily by its shareholders or for nonpayment of taxes, it remains a viable entity authorized to possess property as well as sue and be sued incident to the winding up of its affairs." *Id.* (citing *Addy v. Short*, 89 A.2d 136, 140 (1952)). But "[w]hen a consolidation or merger has taken place under [a] statute, the old corporations have their identity absorbed into that of . . . the one into which they were merged." *Argenbright v. Phoenix Fin. Co. of Iowa*, 187 A. 124, 126 (Del. Ch. 1936). Thus, in situations where a statutory merger has occurred, 8 Del C. § 259(a) provides that any claims against the non-

---

    IMPAC Medical Systems, Inc. With and Into Elekta, Inc." ("Certificate of Merger") is attached. (D.I. 13, Ex. 1).

[4]     Section § 278, in pertinent part, provides:

> All corporations . . . otherwise dissolved, shall nevertheless be continued, for the term of 3 years from such . . . dissolution or for such longer period as the Court of Chancery shall in its discretion direct, bodies corporate for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them . . . . With respect to any action, suitor administrative proceeding begun by or against the corporation either prior to or within 3 years after the date of its . . . dissolution, the action shall not abate by reason of the dissolution of the corporation . . . .

5

surviving entity may be brought against the surviving entity. *See Gould v. Am. Hawaiian Steamship Co.*, 331 F. Supp. 981, 998 (D. Del. 1971) ("[T]he surviving corporation after the merger . . . possesses all rights and powers of the [non-surviving company] as well as all liabilities and duties.") (citing 8 Del. C. § 259)).

Here, the Certificate of Merger indicates that the August 1, 2017 merger between IMPAC and Elekta Inc. was a statutory merger pursuant to §§ 251, 252 of the Delaware General Corporation Law. (D.I. 13, Ex. 1 ¶ 2). As a result of the merger, under 8 Del. C. § 259(a), all of IMPAC's assets and liabilities were transferred to Elekta Inc. *See Doucot*, 734 F. Supp. 2d at 184 (citing *Gould*, 331 F. Supp. 981, 998 (D. Del. 1971)). As both IMPAC and Best acknowledge (*see* D.I. 26 at 6-7; D.I. 33 at 6), under 8 Del. C. § 259(a), "all debts, liabilities and duties" of IMPAC may be enforced against Elekta Inc. as the surviving entity of the August 1, 2017 merger. Thus, this is not a situation where 8 Del. C. § 278 is evoked. *See, e.g.*, *Doucot*, 734 F. Supp. 2d at 182-85 (finding that 8 Del. C. § 278 was not evoked because "it is not necessary to ensure that plaintiff has adequate time or a viable entity to sue"); *Damon Alarm Corp. v. Am. Dist. Tel. Co.*, 304 F. Supp. 83, 84 (S.D.N.Y. 1967) (holding that lawsuit against Delaware corporation that had ceased to exist after a statutory merger could not be maintained under 8 Del. C. § 278); *Regal Ware, Inc. v. CFJ Mfg., L.P.*, No. 11-13-00044-CV, 2015 WL 1004380, at *2 (Ct. App. Tex. Feb. 27, 2015) ("Recognizing the distinction between dissolutions and mergers, Section 278 expressly applies only when a corporation chooses to dissolve itself."). Therefore, the Court finds that IMPAC ceased to exist as of the August 1, 2017 merger and is not a properly named party to this action. The Court will grant IMPAC's motion to dismiss and will dismiss all claims against IMPAC.

B.     Elekta Inc.'s Motion to Dismiss or Transfer for Improper Venue

As mentioned above, venue in a patent infringement action is governed exclusively by 28 U.S.C. § 1400(b). *See TC Heartland*, 137 S. Ct. at 1516. Section 1400(b) provides that venue is proper only in the "judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Elekta Inc. meets neither of these criteria. It is undisputed that Elekta Inc. is incorporated in Georgia (*see* D.I. 9 ¶ 12; D.I. 12 at 5), and, thus, does not "reside" in Delaware under 28 U.S.C. § 1400(b). *See TC Heartland*, 137 S. Ct. at 1521. Moreover, there is no evidence in the record that Elekta Inc. has a regular and established place of business within the district (*see* D.I. 13 ¶¶ 5-6), nor does Best assert that one exists.

Instead, Best asks that the Court ignore *TC Heartland* and find that venue is proper in Delaware because Elekta Inc. "voluntarily submitted itself to service of process in Delaware as part and parcel of the dissolution of one of Delaware's domestic corporations," making Elekta Inc. "amenable to both service of process and venue in Delaware." (D.I. 26 at 7 (discussing the merger between IMPAC and Elekta Inc.)). The Court disagrees. Although Delaware law required Elekta Inc. to consent to service of process in Delaware as the surviving entity of its merger with IMPAC, *see* 8 Del. C. § 252(d), the Court does not find that Elekta Inc.'s consent to service waived its ability to challenge venue in this district, nor did its consent create proper venue here. *See Genuine Enabling Tech.*, 369 F. Supp. 3d at 599-600 (finding defendant did not waive its ability to challenge venue because it was registered to do business in Delaware and had appointed an agent for service of process); *see also Genuine Parts Co. v. Cepec*, 137 A.3d 123, 148 (Del. 2016) ("[W]e read our state's registration statutes as providing a means for service of process and not as conferring general jurisdiction.").

7

Best's citations to Third Circuit case law on this issue are unavailing. Specifically, Best cites *Davis v. Smith*, 253 F.2d 286, 288-289 (3d Cir. 1958), in which the Third Circuit held that designating an agent for services of process, even if required by statute, "is still deemed a voluntary act evidencing consent to the suit." The Federal Circuit, however, has repeatedly stated that Federal Circuit case law governs venue in patent infringement cases, making Third Circuit case law inapplicable here. *See ZTE*, 890 F.3d at 1012 ("Whether venue is proper under § 1400(b) is an issue unique to patent law and is governed by Federal Circuit law."); *Cray*, 871 F.3d at 1360 ("Federal Circuit law, rather than regional circuit law, governs our analysis of what § 1400(b) requires."). Moreover, given that 28 U.S.C. § 1400(b) "narrows jurisdiction relative to the courts that previously allowed patent suits wherever the defendant could be served," *Cray*, 871 F. 3d at 1361, the Court finds that Elekta Inc.'s registration for service of process in Delaware does not make venue proper here. *See Genuine Enabling Tech.*, 369 F. Supp. 3d at 600 ("When the purpose of the patent venue statute is considered, the conclusion in this case becomes clear: deeming venue waived wherever a corporation has . . . appointed an agent for service of process would 'enlarge upon the mandate of the Congress as to venue in . . . patent actions.'" (quoting *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 263 (1961) (second ellipsis in original)).

Best also contends that "[a]dditional considerations" favor keeping this action in Delaware, namely that Delaware is "convenient" for the parties and "judicial economy" exists here, given the co-pending action filed by Best in this Court. (*See* D.I. 26 at 8 (discussing *Best Med. Int'l, Inc. v. Varian Med. Sys., Inc., et al.*, No. 18-1599 (MN))). Best asserts that by keeping the claims against Elekta Inc. in Delaware, "piecemeal adjudication with different court rulings on issues like claim construction and validity" will be avoided. (*Id.*). Although judicial economy may be served by keeping the claims against Elekta Inc. in Delaware, neither judicial economy or convenience of

8

the parties are factors to be considered in determining whether venue is proper under 28 U.S.C. § 1400(b). Rather, these factors are considered under 28 U.S.C. § 1404(a). *Blackbird Tech, LLC v. TADD, LLC*, No. 16-970 (RGA) (SRF), D.I. 37 at 7 (D. Del. May 10, 2019) ("[F]actors relating to the convenience of the parties and interests of justice are governed by § 1404(a), as opposed to § 1400(b)."). Therefore, the Court finds that the additional considerations proposed by Best do not create proper venue for Elekta Inc. in this district.

Because Elekta Inc. does not reside in Delaware and there is no evidence of a regular and established place of business in the district, venue is improper in Delaware for Elekta Inc. Thus, the Court is left with the decision of whether it should dismiss the claims against Elekta Inc. or, "if it be in the interest of justice, transfer [the claims] to any district or division in which [they] could have been brought." 28 U.S.C. § 1406(a). Given that both Elekta Inc. and Best have requested that the claims against Elekta Inc. be transferred to the Northern District of Georgia if venue is improper in Delaware (*see* D.I. 26 at 8; D.I. 33 at 6), the Court finds that dismissal is inappropriate, and it is "in the interest of justice" to transfer the claims against Elekta Inc. to the Northern District of Georgia. Because Elekta Inc. is a Georgia corporation and is headquartered in Atlanta (*see* D.I. 9 ¶ 12), the Northern District satisfies the first prong of 28 U.S.C. § 1400(b), making it a district in which Best's claims "could have been brought" under 28 U.S.C. § 1406(a).

As an additional matter, because this case involves multiple defendants and because the Court finds dismissal of the claims against Elekta Inc. to be inappropriate, the Court is faced with the task of determining whether to transfer the case in its entirety to the Northern District of Georgia or to sever and transfer the claims only against Elekta Inc. *See Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994). Here, the Court is unsure whether severance is necessary given that in connection with its challenge to this Court's exercise of personal

9

jurisdiction over it (D.I. 17), Elekta Ltd. has stated that it consents to transfer to the Northern District of Georgia should the Court find sufficient minimum contacts between itself and the United States as a whole (D.I. 34 at 2, 8).[5] Thus, prior to making a decision on whether to sever the claims against Elekta Inc. prior to transfer, the Court will provide Elekta Ltd. and Best with the opportunity to discuss whether they consent to the transfer of the claims against Elekta Ltd. to the Northern District of Georgia, including whether the parties consent to the Northern District addressing Elekta Ltd.'s personal jurisdiction challenge.

## IV. CONCLUSION

For the foregoing reasons, the Court grants IMPAC's motion and grants-in-part and denies-in-part Elekta Inc.'s motion. An appropriate order will issue.

---

[5] To be clear, these observations are not suggestions that the Court has already determined that the Court cannot exercise personal jurisdiction over Elekta Ltd. or that Elekta Ltd. has sufficient minimum contacts with the United States as a whole.